**Bernice HODGE, Plaintiff—Appellant,**

v.

**Jo Anne BARNHART, Commissioner of the Social Security Administration, Defendant—Appellee.**

No. 02–35481.
D.C. No. CV–01–06174–KI.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 11, 2003.*

Decided Sept. 19, 2003.

Fed. R.App. P. 34(a)(2).

Tim D. Wilborn, Law Offices of Tim Wilborn, Portland, OR, Etta L. Wilborn, Etta L. Wilborn, P.C., Tucson, AZ, for Plaintiff–Appellant.

Craig J. Casey, US–Office of the U.S. Attorney, Portland, OR, Vikash Chhagan, Social Security Administration, Seattle, WA, for Defendant–Appellee.

Before HALL, GRABER, and GOULD, Circuit Judges.

## MEMORANDUM**

Bernice Hodge appeals the district court's affirmance of the Social Security

---

** This disposition is not appropriate for publication and may not be cited to or by the

Commissioner's denial of her application for social security benefits.

1. Hodge contends that the ALJ erred by improperly rejecting Hodge's subjective pain testimony. Although the ALJ found much of Hodge's symptom testimony credible, the ALJ found that Hodge's testimony was not credible to the extent that Hodge claimed that her symptoms totally disabled her from performing any work.

The rule is well established that "[t]he ALJ is responsible for determining credibility and resolving conflicts in medical testimony and ambiguities." *Lewis v. Apfel*, 236 F.3d 503, 509 (9th Cir.2001) (internal citation omitted). The ALJ may not reject a claimant's statements regarding her limitations merely because they are not supported by objective evidence, nor solely on the basis of the ALJ's own observations of the claimant at the hearing. *Tonapetyan v. Halter*, 242 F.3d 1144, 1147–48 (9th Cir.2001). "In assessing the claimant's credibility, the ALJ may use ordinary techniques of credibility evaluation, such as considering the claimant's reputation for truthfulness and any inconsistent statements in her testimony." *Id.* at 1148 (internal quotation marks omitted). Also, the ALJ may not reject a claimant's testimony without offering clear and convincing reasons for rejecting the claimant's subjective statements. *Smolen v. Chater*, 80 F.3d 1273, 1281–82 (9th Cir.1996). "Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir.1999).

■ Here, the ALJ discredited Hodge's testimony because of Hodge's inconsistent statements, because of Hodge's presentation at the hearing, because of the unex-

plained failure of Hodge to seek and follow treatment, and because Hodge's daily activities were inconsistent with Hodge's contention that she suffered from a total disability. The ALJ gave a detailed explanation supporting each of these reasons. Because the ALJ offered clear and convincing reasons, we conclude that the ALJ properly rejected the portion of Hodge's subjective pain testimony urged to show total disability.

2. Hodge next contends that the ALJ erred by rejecting the testimony of Nurse Practitioner Suzanne Waritz. Hodge argues that it was improper for the ALJ to reject Nurse Practitioner Waritz's assessment on the ground that Waritz's testimony in a questionnaire, to the effect that Hodge's pain and other symptoms were disabling, was contradictory to Waritz's prior medical chart notes. Hodge contends that the ALJ should have recontacted Waritz for clarification of her opinion instead of disregarding it. *See* 20 C.F.R. § 404.1512(e)(1). We disagree.

■ Waritz is not an acceptable medical source pursuant to 20 C.F.R. § 404.1513(a). She is an "other source" that the ALJ may consider pursuant to 20 C.F.R. § 404.1513(d). An ALJ may reject the testimony of an "other source" by providing reasons germane to that witness. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir.1993). Here, the ALJ noted that Waritz's testimony in her questionnaire was out of line with the testimony of Hodge's other medical sources and did not corroborate Waritz's own prior physical examinations and observations of Hodge. We conclude that the ALJ was entitled to reject Waritz's testimony in the questionnaire because the ALJ gave germane reasons from the record.[1]

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Hodge also contends that the ALJ erred by improperly ignoring Waritz's characterization

3. Hodge further contends that the ALJ erred by posing an improper vocational hypothetical to a vocational expert ("VE"). The ALJ posed to the VE this hypothetical: "I am going to limit the claimant to light work, simple routine-type tasks but with a need to be able to change position frequently and alternate between standing and sitting." Hodge argues that the ALJ erred by not specifying the *frequency* that Hodge must alternate between sitting and standing. Social Security Ruling 96–9p requires the ALJ to be specific as to frequency of an individual's need to alternate between sitting and standing when determining whether a claimant's limitations significantly erode the full range of *sedentary* work that might be available to the claimant. However, Ruling 96–9p does not apply to light work. Additionally, the VE stated that all the occupations that he identified included "the option to sit or stand." We conclude that the ALJ's hypothetical to the VE sufficiently set forth all the limitations and restrictions of Hodge. Even if the ALJ was required to state the frequency that Hodge needed to alternate between sitting and standing, any error was harmless because the VE stated that all the jobs that he identified for Hodge included "the option to sit or stand" at any time.

4. Hodge also contends that the ALJ erred by improperly ignoring a lay witness statement of Hazel Dryer. An ALJ may not discount lay witness testimony without giving germane reasons for doing so. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir.1996). Here, however, the ALJ did not reject the lay witness statement of Dryer. The ALJ cited and referred to Dryer's statement in concluding that Hodge's lifestyle is inconsistent with total disability. Furthermore, even though Dryer stated that Hodge "could [not] handle working in a hospital for all the miles of walking and standing on her feet," this statement was not inconsistent with the ALJ's determination that, although Hodge could not perform her past work as a respiratory therapist, she could perform other work in the economy.

5. Finally, Hodge contends that the ALJ erred by failing to comply with Social Security Ruling 00–3p, which states that an ALJ must consider the effects of obesity on the claimant's ability to function. Social Security Ruling 00–3p also states that the commissioner will evaluate obesity "based on the information in the case record." We recently held in *Celaya v. Halter*, that it was error for an ALJ not to develop the record on an obesity condition when that condition was likely a partial basis for the clamaint's disability and where the claimant had proceeded pro se and likely never knew that "she *could* assert obesity as a partial basis for her disability." 332 F.3d 1177, 1183 (9th Cir. 2003). Unlike the claimant in *Celaya*, Hodge did not show that she was impaired from her "moderate obesity" or that her "moderate obesity" exacerbated her other disabilities. We agree with the district court that the ALJ properly developed and gave adequate consideration to the medical record.

**AFFIRMED.**

---

of Hodge's manual dexterity limitations in the questionnaire Waritz answered about Hodge. In her questionnaire, Waritz stated that Hodge could only repetitively use her hands, fingers, and arms for short portions of the day. However, the ALJ permissibly noted that Hodge's lifestyle was inconsistent with Waritz's disability determination. Because we conclude that the ALJ properly rejected Waritz's observations in the questionnaire, we also conclude that the ALJ did not improperly ignore Hodge's manual dexterity limitations.